UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEWART GITTENS, JR.,                     )   **AMENDED**
                                          )   **COMPLAINT**
              Plaintiff,              )
                                          )
      -against-                         )   **07 Civ. 9871 (RWS)**
                                          )
THE CITY OF NEW YORK,                     )
KENNETH FISCHER, JUAN PACHECO,            )   **ECF Case**
ALEXANDER SANTIAGO, STEVEN GRIFFITH, )
                                          )
              Defendants.             )
------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.  The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.    This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983.  Jurisdiction is conferred upon this court by 42 U.S.C. § 1983, and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.    The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to

claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

**JURY TRIAL DEMANDED**

4.      Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

**VENUE**

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

**NOTICES OF CLAIM**

6.      Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

**PARTIES**

7.      Plaintiff STEWART GITTENS, JR., was at all relevant times herein a resident of the Bronx, New York.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by them.

9.      Defendants FISCHER, PACHECO, SANTIAGO and GRIFFITH are and were at

all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. The aforenamed defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

## STATEMENT OF RELEVANT FACTS

10. On August 17, 2006, at about 9:00 p.m., plaintiff was walking in the vicinity of Macy Place and Prospect Avenue in the Bronx, New York. At that time, defendants FISCHER, PACHECO, SANTIAGO and GRIFFITH seized plaintiff and arrested him.

11. Plaintiff was arraigned on felony charges of Gang Assault in the Second Degree and other related charges, and was detained for more than a day and a half.

12. All charges against plaintiff were dismissed on August 23, 2006.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

13. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

14. By their conduct and actions in falsely arresting and maliciously prosecuting plaintiff GITTENS, and by failing to intervene to prevent the complained of conduct, defendants

FISCHER, PACHECO, SANTIAGO and GRIFFITH, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

15. As a result of the foregoing, plaintiff was deprived of liberty, suffered specific and serious bodily injury and emotional distress, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

16. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

17. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

18. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline defendants FISCHER, PACHECO, SANTIAGO and GRIFFITH. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as

guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

19. As a result of the foregoing, plaintiff was deprived of liberty, suffered specific and serious bodily injury and emotional distress, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM

### FALSE ARREST and FALSE IMPRISONMENT

20. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

21. By the actions described above, defendants falsely arrested and imprisoned plaintiff, or caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

22. As a result of the foregoing, plaintiff was deprived of liberty, suffered specific and serious bodily and psychological injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### FOURTH CLAIM

### NEGLIGENCE

23. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

24. Defendants, jointly and severally, negligently caused injuries, emotional distress, and damage to plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

25. As a result of the foregoing, plaintiff was deprived of liberty, suffered specific and serious bodily and psychological injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### FIFTH CLAIM

**SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §§ 1981 AND 1983**

26. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

27. By his conduct in failing to remedy the wrongs committed by defendants FISCHER, PACHECO and SANTIAGO, and in failing to properly train, supervise, or discipline defendants FISCHER, PACHECO and SANTIAGO, defendant GRIFFITH caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. § 1983, and the United States Constitution, including its Fourth and Fourteenth Amendments.

28. As a result of the foregoing, plaintiff was deprived of liberty, suffered specific and serious bodily and psychological injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

      a. Compensatory damages;

      b. Punitive damages;

      c. The convening and empaneling of a jury to consider the merits of the claims herein;

      d. Pre- and post-judgment costs, interest and attorney's fees;

      e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
              March 11, 2008

_____/s/_____
MICHAEL L. SPIEGEL, Esq.
(MS-0856)
111 Broadway, Suite 1305
New York, New York 10006
(212) 587-8558
*Attorney for Plaintiff*